David G. Hille
Adam Gahtan
Kimberly A. Haviv
Christopher D. Volpe
White & Case LLP
1155 Avenue of the Americas
New York, New York 10036-2787
Tel: (212) 819-8200
Fax: (212) 354-8113
*Attorneys for Defendant Wyeth-Ayerst International LLC*

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NEOPHARM LTD., PROMEDICO LTD., and NEOPHARM (ISRAEL) 1996 LTD.<br><br>Plaintiffs,<br><br>v.<br><br>WYETH-AYERST INTERNATIONAL LLC,<br><br>Defendant. | Civil Action No. 14-cv-8192<br><br>Hon. J. Sidney H. Stein |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
<u>MOTION FOR PARTIAL SUMMARY JUDGMENT</u>**

# TABLE OF CONTENTS

INTRODUCTION ............................................................................................................................1

FACTS ..........................................................................................................................................1

ARGUMENT .................................................................................................................................3

A.     Wyeth Is Entitled To Summary Judgment On Its Claims For Conversion, Unjust Enrichment, And Money Had And Received ..............................................................4

    1.     Plaintiffs Have Converted Wyeth's Ownership Interest In The $29 Million (Counterclaim I)..................................................................................4

    2.     Plaintiffs Have Been Unjustly Enriched By Their Retention of the $29 Million (Counterclaim II) ..........................................................................6

    3.     Plaintiffs Are Liable Under The Doctrine Of Money Had And Received (Counterclaim III) ....................................................................................7

B.     Neopharm's Affirmative Defenses of Setoff and Recoupment Are Inapplicable ..........8

    1.     Neopharm May Not Retain The $29 Million As A Setoff (Affirmative Defense IV)..........................................................................8

    2.     Neopharm May Not Retain The $29 Million As Recoupment (Affirmative Defense V).........................................................................10

CONCLUSION...........................................................................................................................12

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

Aetna Cas. & Sur. Co. v. Manshul Constr. Corp.,
  No. 95 Civ. 3994, 1997 U.S. Dist. LEXIS 5730 (S.D.N.Y. Apr. 28, 1997) .............................. 9

Agerbrink v. Model Serv. LLC,
  155 F. Supp. 3d 448, 458 (S.D.N.Y. 2016) ...................................................................... 6

Almazan v. Almazan,
  No. 14-cv-311, 2015 U.S. Dist. LEXIS 13906 (S.D.N.Y. Feb. 4, 2015) .................................. 8

AT&T Co. v. N. Am. Indus., Inc.,
  772 F. Supp. 777 (S.D.N.Y. 1991) ................................................................................. 7

Banco Popular N. Am. v. Lieberman,
  75 A.D.3d 460 (1st Dep't 2010) .................................................................................... 9

Capital Distributions Servs., Ltd. v. Ducor Exp. Airlines, Inc.,
  440 F. Supp. 2d 195 (E.D.N.Y. 2006) ........................................................................... 5

Correspondent Servs. Corp. v. J.V.W. Inv. Ltd.,
  524 F. Supp. 2d 412 (S.D.N.Y. 2007) ........................................................................... 8

Corsello v. Verizon N.Y., Inc.,
  18 N.Y.3d 777 (2012) ................................................................................................. 6

Cytec Indus., Inc. v. Allnex (Lux) & CY S.C.A.,
  No. 14-cv-1561, 2015 U.S. Dist. LEXIS 82273 (S.D.N.Y. May 15, 2015) .............................. 9

Drexel Burnham Lambert Grp., Inc. v. Galadari,
  777 F.2d 877 (2d Cir. 1985) ......................................................................................... 8

Eldesouky v. Aziz,
  No. 11-CV-6986, 2014 U.S. Dist. LEXIS 176224 (S.D.N.Y. Dec. 19, 2014) .......................... 5

FCS Advisors, Inc. v. Fair Fin. Co.,
  605 F.3d 144 (2d Cir. 2010) ......................................................................................... 1

Ferguson v. Lion Holding, Inc.,
  312 F. Supp. 2d 484 (S.D.N.Y. 2004) ........................................................................... 11

Goldman v. Simon Prop. Grp., Inc.,
  58 A.D.3d 208 (2d Dep't 2008) .................................................................................... 7

Hoffman v. Unterberg,
 9 A.D.3d 386 (2d Dep't 2004) ................................................................................................5

Louis Vuitton Malletier v. Dooney & Bourke, Inc.,
 561 F. Supp. 2d 368 (S.D.N.Y. 2008) .....................................................................................3

Malinowski v. N.Y. State Dep't of Labor,
 156 F.3d 131 (2d Cir. 1998) ..................................................................................................11

Marini v. Adamo,
 995 F. Supp. 2d 155 (E.D.N.Y. 2014) ....................................................................................7

Markwica v. Davis,
 64 N.Y.2d 38 (1984) ...............................................................................................................6

Mfrs. Hanover Trust Co. v. Chem. Bank,
 160 A.D.2d 113 (1st Dep't 1990) ...........................................................................................5

Mutuel Tickets Agents Union v. MC Call,
 210 A.D.2d 845 (3d Dep't 1994) ............................................................................................9

N.Y. State Elec. & Gas Corp. v. McMahon,
 129 F.3d 93 (2d Cir. 1997) ....................................................................................................11

New Haven Props. v. Grinberg,
 293 A.D.2d 386 (1st Dep't 2002) ...........................................................................................9

Newbro v. Freed,
 409 F. Supp. 2d 386 (S.D.N.Y. 2006) ............................................................................4, 5, 6

Parsons & Whittemore Enters. Corp. v. Schwartz,
 387 F. Supp. 2d 368 (S.D.N.Y. 2005) .....................................................................................7

Polanco v. NCO Portfolio Mgmt.,
 23 F. Supp. 3d 363, 370 (S.D.N.Y. 2014) ..............................................................................5

Rella v. N. Atl. Marine Ltd.,
 No. 02 Civ. 8573, 2004 U.S. Dist. LEXIS 11567 (S.D.N.Y. June 23, 2004) ..........................4

Republic of Haiti v. Duvalier,
 211 A.D.2d 379 (1st Dep't 1995) .......................................................................................4, 5

Robert Smalls Inc. v. Hamilton,
 No. 09 Civ. 7171, 2010 U.S. Dist. LEXIS 83643 (S.D.N.Y. July 19, 2010) ..........................8

Shamrock Power Sales, LLC v. Scherer,
 No. 12-cv-8959, 2015 U.S. Dist. LEXIS 133650 (S.D.N.Y. Sept. 30, 2015) .........................6

Transp. Displays v. Winston,
 870 F. Supp. 74 (S.D.N.Y. 1994)......................................................................................9, 10

Westinghouse Credit Corp. v. D'Urso,
 278 F.3d 138 (2d Cir. 2002)..................................................................................................11

Willett v. Lincolnshire Mgmt.,
 302 A.D.2d 271 (1st Dep't 2003) ...........................................................................................8

## STATUTES AND RULES

11 U.S.C. § 362..........................................................................................................................11

N.Y.C.P.L.R. § 5004.....................................................................................................................1

## INTRODUCTION

For over two-and-a-half years, Plaintiffs Neopharm Ltd. and Neopharm (Israel) 1996 Ltd. (collectively, "Neopharm") have unlawfully retained nearly 29 million dollars that they cannot dispute belongs to Defendant Wyeth-Ayerst International LLC ("Wyeth"). Neopharm justifies its retention of the money as a "setoff" against as-yet unproven breach of contract damages, and on grounds of unspecified "applicable laws." New York law unambiguously forbids such self-help under any theory and requires Neopharm to return Wyeth's money immediately. Moreover, Wyeth wired the money to Neopharm to effect termination of the parties' agreement; Neopharm, having rejected Wyeth's attempted termination in favor of this lawsuit, cannot *also* retain the money. The Court should grant summary judgment in Wyeth's favor on its claims for conversion, unjust enrichment and money had and received, and order Neopharm to return the withheld $28,768,400 to Wyeth, with interest.[1]

## FACTS

In October 2002, Wyeth and Neopharm entered into an agreement (as amended, the "Distribution Agreement") under which Neopharm undertook to distribute certain Wyeth pharmaceutical products in Israel. (Declaration of Christopher D. Volpe ("Volpe Declaration") ¶ 2, Ex. A at ¶¶ 1-2) Section 7 of the Distribution Agreement governed the parties' termination rights. (Volpe Decl. ¶ 2, Ex. A at ¶ 22) Under Section 7.1, either party could terminate the agreement "with or without cause" upon three years' notice, except that neither party could give such notice while Neopharm's separate agreement to supply Prevenar to the Ministry of Health (the "MoH Agreement") was in effect or while orders under the MoH Agreement remained outstanding. (Volpe Decl. ¶ 2, Ex. A at ¶¶ 22, 31-32) Section 7.5(b) allowed Wyeth, "in its sole

---

[1] Where, as here, a court's jurisdiction is predicated on diversity of citizenship, state law governs the award of prejudgment interest. FCS Advisors, Inc. v. Fair Fin. Co., 605 F.3d 144, 147 (2d Cir. 2010). The applicable rate of interest under New York law is nine percent. N.Y.C.P.L.R. § 5004.

discretion, to pay [Neopharm] in lieu of providing notice under Section 7.1, such payment calculated" under an agreed-upon formula. (Volpe Decl. ¶ 2, Ex. A at ¶ 24)

On May 1, 2014, Wyeth terminated the Distribution Agreement, invoking Section 7.5(b). (Volpe Decl. ¶ 2, Ex. A at ¶¶ 54-55; Volpe Decl. ¶ 3, Ex. B at ¶ 109)[2] On the same day, Wyeth transmitted to Neopharm a "Payment in Lieu of Notice" in the amount of $28,768,400 (the "$29 Million"), wired to an account in the name of Neopharm Israel. (Volpe Decl. ¶ 2, Ex. A at ¶ 55; Volpe Decl. ¶ 3, Ex. B at ¶ 110) Wyeth described the nature and purpose of the $29 Million to Neopharm clearly: "Pursuant to Section 7.5(b), on or about the date of this letter, Wyeth has transmitted to Neopharm $28,768,400 as the Payment in lieu of Notice." (Volpe Decl. ¶ 4, Ex. C at 3) Neopharm admits this. (Volpe Decl. ¶ 2, Ex. A at ¶ 55; Volpe Decl. ¶ 3, Ex. B at 110)

Neopharm responded immediately, writing Wyeth on May 5, 2014 that "we reject Wyeth's position that it is entitled to terminate the Agreement pursuant to Section 7.5(b)." (Volpe Decl. ¶ 5, Ex. D at 1) Notwithstanding its rejection of the $29 Million as a means of terminating the agreement, Neopharm accepted and retained the $29 Million. (Volpe Decl. ¶ 3, Ex. B at ¶ 111)

Neopharm sued Wyeth in this action on October 14, 2014, seeking declaratory judgment that Wyeth's termination under Section 7.5(b) had been unlawful under terms of the Distribution Agreement. (Volpe Decl. ¶ 6, Ex. E at ¶ 58) In its March 18, 2016, Opinion and Order on Neopharm's Motion for Judgment on the Pleadings, this Court issued the declaration Neopharm sought. (Volpe Decl. ¶ 7, Ex. F)

---

[2] Because Neopharm recently amended its complaint to include Neopharm Israel as a plaintiff, ECF No. 93, Neopharm has not yet filed a new Answer and Affirmative Defenses to Wyeth's Counterclaims. Wyeth therefore relies on Neopharm's Answer and Affirmative Defenses of August 25, 2016, ECF No. 81, which Wyeth trusts will be nearly identical given what Neopharm described as the "minimal changes" made by Neopharm's Second Amended Complaint, ECF No. 90.

2

Neopharm did not seek damages in its original Complaint, but following the Court's Opinion and Order, Neopharm amended its Complaint to include multiple claims for damages, in unspecified amounts. (Volpe Decl. ¶ 2, Ex. A at ¶¶ 67-75, 80) Wyeth denies those claims (Volpe Decl. ¶ 9, Ex. H at ¶¶ 67-75, 80), which, in light of Neopharm's decision to proceed piecemeal, are only now, two years after Neopharm sued Wyeth, the subject of discovery. (Volpe Decl. ¶ 10, Ex. I) The Court has dismissed one of Neopharm's damages claims with prejudice. (Volpe Decl. ¶ 8, Ex. G) Neopharm refuses to provide any estimate or computation of its damages; it says only that it believes those damages exceed the $29 Million. (Volpe Decl. ¶ 12, Ex. K at 8-9)

Wyeth has demanded return of the $29 Million. (Volpe Decl. ¶ 11, Ex. J at 11:2-6; Volpe Decl. ¶ 3, Ex. B at ¶ 114) Neopharm admits that it has refused Wyeth's demand for the return of the $29 Million. Neopharm claims that it has

> retained the purported Payment in Lieu of Notice under applicable laws and as a partial offset against the damages caused by Wyeth's unlawful termination, which amount substantially exceeds this payment pending resolution of this action.

(See, e.g., Volpe Decl. ¶ 3, Ex. B at ¶¶ 111, 114, 115, 118, 119, 123)[3]

Trial in this matter will not begin until sometime in 2018, at the earliest. (Volpe Decl. ¶ 10, Ex. I)

## ARGUMENT

Summary judgment is appropriate where there is no genuine issue of material fact and where the movant is entitled to the relief sought as a matter of law. Louis Vuitton Malletier v. Dooney & Bourke, Inc., 561 F. Supp. 2d 368, 377 (S.D.N.Y. 2008). The facts relevant to Wyeth's motion are simple and undisputed. Neopharm accepted, retained, and has refused to

---
[3] Neopharm raises "recoupment" as an affirmative defense to Wyeth's counterclaims generally, though not directly in relation to the Payment. (Id. at ¶ 144)

3

return the $29 Million, which Neopharm admits that Wyeth made solely as part of its attempt to terminate the Distribution Agreement – an attempt that Neopharm rejected from the outset and which the Court has now declared ineffective. Neopharm thus admits the requisite elements of conversion, unjust enrichment, and money had and received with respect to its failure to return the $29 Million. Wyeth need prevail on only one of these causes of action for the Court to order Neopharm to return the $29 Million, with interest, immediately.

Furthermore, no theory of "partial offset" or "recoupment" entitles Neopharm to retain the $29 Million. Setoff is unavailable because, under New York law, a party may not "set off" a pending, disputed or unliquidated claim against an adversary's present entitlement to damages. Recoupment, rarely applicable outside bankruptcy proceedings, does not apply here because recoupment requires the existence of reciprocal contractual obligations arising from a single integrated transaction. Wyeth addresses its claims, and Neopharm's affirmative defenses, in order below.

### A. Wyeth Is Entitled To Summary Judgment On Its Claims For Conversion, Unjust Enrichment, And Money Had And Received

#### 1. Plaintiffs Have Converted Wyeth's Ownership Interest In The $29 Million (Counterclaim I)

"Under New York law, 'the tort of conversion is established when one who owns and has a right to possession of personal property proves that the property is in the unauthorized possession of another who has acted to exclude the rights of the owner.'" Rella v. N. Atl. Marine Ltd., No. 02 Civ. 8573, 2004 U.S. Dist. LEXIS 11567, at *14-15 (S.D.N.Y. June 23, 2004) (quoting Republic of Haiti v. Duvalier, 211 A.D.2d 379, 384 (1st Dep't 1995)). A claim for conversion has two elements: (1) the plaintiff must have a possessory right or interest in the property; and (2) the defendant must exercise dominion over the property, or otherwise interfere with it, in derogation of the plaintiff's rights. Newbro v. Freed, 409 F. Supp. 2d 386, 394

4

(S.D.N.Y. 2006); Duvalier, 211 A.D.2d at 384. Where a defendant's possession of the property is initially lawful, conversion occurs once "the defendant refuses to return the property after demand or until he sooner disposes of the property." Polanco v. NCO Portfolio Mgmt., 23 F. Supp. 3d 363, 370 (S.D.N.Y. 2014) (internal quotations omitted); see also Newbro, 409 F. Supp. 2d at 394. Money can be the source of a conversion claim so long as it is "specifically identifiable." Duvalier, 211 A.D.2d at 384.

There is no genuine issue of material fact as to any element of Wyeth's conversion claim. Wyeth unquestionably retains a possessory interest in the $29 Million, as a party can retain possessory interest in money that it has wired to the converting party. Eldesouky v. Aziz, No. 11-CV-6986, 2014 U.S. Dist. LEXIS 176224, at *38-39 (S.D.N.Y. Dec. 19, 2014) (citing Mfrs. Hanover Trust Co. v. Chem. Bank, 160 A.D.2d 113, 125 (1st Dep't 1990); Newbro, 409 F. Supp. 2d at 396. And Neopharm has interfered with Wyeth's right of possession, because "[w]hen funds are provided for a particular purpose, the use of those funds for an unauthorized purpose constitutes conversion." Eldesouky, 2014 U.S. Dist. LEXIS 176224, at *39 (quoting Capital Distributions Servs., Ltd. v. Ducor Exp. Airlines, Inc., 440 F. Supp. 2d 195, 208 (E.D.N.Y. 2006)); Hoffman v. Unterberg, 9 A.D.3d 386, 388 (2d Dep't 2004) (same). Wyeth transferred the $29 Million to Neopharm explicitly for the "particular purpose" of terminating the Distribution Agreement pursuant to Section 7.5(b), as Neopharm admits. Neopharm rejected that purpose but kept the money. This interferes with Wyeth's possessory interest. Hoffman, 9 A.D.3d at 388; Eldesouky, 2014 U.S. Dist. LEXIS 176224, at *39. Even if Neopharm had a basis to retain the $29 Million under Section 7.5(b) pending a decision on its motion for judgment on the pleadings – and it did not – it lost even that once the Court held Wyeth's termination was ineffective. See Polanco, 23 F. Supp. 3d at 371 (a party acts "without

5

authorization" where he or she refuses to return funds following a demand); Newbro, 409 F. Supp. 2d at 394.

The Court should grant summary judgment that Neopharm converted the $29 Million.

### 2. Plaintiffs Have Been Unjustly Enriched By Their Retention of the $29 Million (Counterclaim II)

"To state a claim for unjust enrichment under New York law, a plaintiff must allege that: (1) the defendant was enriched, (2) at the expense of the plaintiff, and (3) that it would be inequitable to permit the defendant to retain that which is claimed by the plaintiff." Agerbrink v. Model Serv. LLC, 155 F. Supp. 3d 448, 458 (S.D.N.Y. 2016). A claim for unjust enrichment "does not require the performance of any wrongful act by the one enriched[,]" nor does it "require that the party enriched take an active role in obtaining the benefit," Newbro, 409 F. Supp. 2d at 398 (internal quotations omitted). Instead, a cause of action for unjust enrichment will lie where "one party possesses money . . . that in equity and good conscience they should not have obtained or possessed because it rightfully belongs to another." Id. Indeed, a "typical case[]" of unjust enrichment is one "in which the defendant, though guilty of no wrongdoing, has received money to which he or she is not entitled." Corsello v. Verizon N.Y., Inc., 18 N.Y.3d 777, 790 (2012).

Neopharm was unquestionably "enriched" by its receipt of the $29 million, and it is undisputed that the $29 Million came from Wyeth, easily satisfying the first two elements. As to the third element, a result is inequitable for purposes of unjust enrichment when it confers a gratuitous benefit on one party at the expense of the other, in violation of good conscience. Cf. Shamrock Power Sales, LLC v. Scherer, No. 12-cv-8959, 2015 U.S. Dist. LEXIS 133650, at *104 (S.D.N.Y. Sept. 30, 2015) ("It would be against equity and good conscience to allow Scherer to keep an advance on money he had not yet earned . . . ."); Markwica v. Davis, 64

6

Americas 91352580

N.Y.2d 38, 41 (1984) ("Defendant, having furnished no consideration for the receipt of the proceeds of the life insurance policy, has received a gratuitous benefit and would be unjustly enriched in the eyes of the law were she to retain those proceeds . . . ."). Neopharm should not be permitted to reject Wyeth's termination of the Distributorship Agreement while keeping the funds Wyeth paid to effect that termination.

### 3. Plaintiffs Are Liable Under The Doctrine Of Money Had And Received (Counterclaim III)

"A cause of action for money had and received sounds in quasi contact and arises when, in the absence of an agreement, one party possesses money that in equity and good conscience it ought not retain." Goldman v. Simon Prop. Grp., Inc., 58 A.D.3d 208, 220 (2d Dep't 2008) (internal quotation marks omitted). "The elements of a claim for money had and received are: (1) defendant received money belonging to plaintiff, (2) defendant benefitted from the receipt of the money, and (3) under principles of equity and good conscience, defendant should not be permitted to keep the money." AT&T Co. v. N. Am. Indus., Inc., 772 F. Supp. 777, 789 (S.D.N.Y. 1991). Because a claim for money had and received is predicated upon the same elements as a claim for unjust enrichment, the same factual considerations underlie each claim. See, e.g., Marini v. Adamo, 995 F. Supp. 2d 155, 206 (E.D.N.Y. 2014) ("For the same reasons that plaintiffs have proved that defendants . . . were unjustly enriched, plaintiffs have also satisfied the elements of a money had and received claim against those defendants."); Parsons & Whittemore Enters. Corp. v. Schwartz, 387 F. Supp. 2d 368, 377 (S.D.N.Y. 2005) (finding "[d]efendant liable for both unjust enrichment and money had and received, which have similar

7

N.Y.2d 38, 41 (1984) ("Defendant, having furnished no consideration for the receipt of the proceeds of the life insurance policy, has received a gratuitous benefit and would be unjustly enriched in the eyes of the law were she to retain those proceeds . . . ."). Neopharm should not be permitted to reject Wyeth's termination of the Distributorship Agreement while keeping the funds Wyeth paid to effect that termination.

### 3. Plaintiffs Are Liable Under The Doctrine Of Money Had And Received (Counterclaim III)

"A cause of action for money had and received sounds in quasi contact and arises when, in the absence of an agreement, one party possesses money that in equity and good conscience it ought not retain." Goldman v. Simon Prop. Grp., Inc., 58 A.D.3d 208, 220 (2d Dep't 2008) (internal quotation marks omitted). "The elements of a claim for money had and received are: (1) defendant received money belonging to plaintiff, (2) defendant benefitted from the receipt of the money, and (3) under principles of equity and good conscience, defendant should not be permitted to keep the money." AT&T Co. v. N. Am. Indus., Inc., 772 F. Supp. 777, 789 (S.D.N.Y. 1991). Because a claim for money had and received is predicated upon the same elements as a claim for unjust enrichment, the same factual considerations underlie each claim. See, e.g., Marini v. Adamo, 995 F. Supp. 2d 155, 206 (E.D.N.Y. 2014) ("For the same reasons that plaintiffs have proved that defendants . . . were unjustly enriched, plaintiffs have also satisfied the elements of a money had and received claim against those defendants."); Parsons & Whittemore Enters. Corp. v. Schwartz, 387 F. Supp. 2d 368, 377 (S.D.N.Y. 2005) (finding "[d]efendant liable for both unjust enrichment and money had and received, which have similar

elements").[4] Accordingly, the Court should grant summary judgment in favor of Wyeth for money had and received as well.

### B. Neopharm's Affirmative Defenses of Setoff and Recoupment Are Inapplicable

In answering Wyeth's claims for return of the $29 million, Neopharm claims that it is retaining the $29 Million "as a partial offset" and raises the affirmative defense of setoff. (Volpe Decl. ¶ 3, Ex. B at ¶¶ 111, 143) Neopharm also generally raises the affirmative defense of equitable recoupment. (Id. ¶ 144) Neopharm bears the burden of proof on both of these affirmative defenses. See, e.g., Drexel Burnham Lambert Grp., Inc. v. Galadari, 777 F.2d 877, 881 (2d Cir. 1985). As set forth below, neither setoff nor recoupment entitles Neopharm to retain the $29 Million.

#### 1. Neopharm May Not Retain The $29 Million As A Setoff (Affirmative Defense IV)

Neopharm alleges that "it has retained the purported Payment in Lieu of Notice under applicable laws and as a partial offset against the damages caused by Wyeth's unlawful termination which amount substantially exceeds this payment pending the resolution of this action." (Volpe Decl. ¶ 3, Ex. B at ¶¶ 111, 114, 115, 118, 119, 123) Neopharm does not elaborate on "applicable laws," but it appears to assert that it may retain the $29 Million under the doctrine of "set off." Neopharm is wrong.

New York law is clear that "there is no right to set off a possible, unliquidated liability against a liquidated claim that is due and payable." Willett v. Lincolnshire Mgmt., 302 A.D.2d 271, 271 (1st Dep't 2003) (internal quotation marks omitted); see also Correspondent Servs.

---

[4] "New York courts appear to disagree about the relationship between unjust enrichment and money had and received." Robert Smalls Inc. v. Hamilton, No. 09 Civ. 7171, 2010 U.S. Dist. LEXIS 83643, at *19 (S.D.N.Y. July 19, 2010). "Some allow one claim for unjust enrichment and a second claim for money had and received to go forward in a single case." Id. Others treat them as one. See, e.g., id.; Almazan v. Almazan, No. 14-cv-311, 2015 U.S. Dist. LEXIS 13906, at *38-39 (S.D.N.Y. Feb. 4, 2015) ("[C]auses of action for unjust enrichment and money had and received are identical."). In either case, however, Wyeth may plead both claims simultaneously. Almazan, 2015 U.S. Dist. LEXIS 13906, at *38-39.

Corp. v. J.V.W. Inv. Ltd., 524 F. Supp. 2d 412, 424-25 (S.D.N.Y. 2007) (there is "no right to 'set-off' [a] pending[,] disputed and unliquidated claim against [a] present entitlement to damages"); New Haven Props. v. Grinberg, 293 A.D.2d 386, 387 (1st Dep't 2002) ("In any event, defendants cannot offset the subject liquidated, past due liability against the disputed, unliquidated liability it claims against plaintiff's customer."). "There can be no such thing as a right to set off a possible but unestablished liability, unliquidated in amount, against a liquidated legal claim that is due and payable." Aetna Cas. & Sur. Co. v. Manshul Constr. Corp., No. 95 Civ. 3994, 1997 U.S. Dist. LEXIS 5730, at *7-8 (S.D.N.Y. Apr. 28, 1997) (internal quotation marks omitted). Thus, "[c]ourts have declined to permit offsets directed toward damages in a pending litigation[.]" Cytec Indus., Inc. v. Allnex (Lux) & CY S.C.A., No. 14-cv-1561, 2015 U.S. Dist. LEXIS 82273, at *32 (S.D.N.Y. May 15, 2015); see also Banco Popular N. Am. v. Lieberman, 75 A.D.3d 460, 461 (1st Dep't 2010) ("Defendants' claim to a setoff based upon alleged improper banking practices by plaintiff is merely a 'possible, unliquidated liability,' and does not preclude plaintiff's immediate recovery . . . .").

Even where liability is anticipated, courts reject efforts by plaintiffs to hold funds for a future setoff where the amount of damages remains in dispute. See, e.g., Mutuel Tickets Agents Union v. MC Call, 210 A.D.2d 845, 846-47 (3d Dep't 1994) (rejecting State's effort to withhold funds where "the State asserted its right to setoff based upon its anticipated recovery" in a pending dispute); see also Transp. Displays v. Winston, 870 F. Supp. 74, 76-77 (S.D.N.Y. 1994) (rejecting plaintiffs' defense of setoff and requiring full payment to defendants, even where defendants conceded that plaintiffs "quite likely are entitled to be indemnified"). Accordingly, the declaratory judgment against Wyeth does not give Neopharm the right to retain Wyeth's money for a possible setoff, because Neopharm's damages are far from "fixed and liquidated."

9

Winston, 870 F. Supp. at 76. To the contrary, two years into litigation, Neopharm has never produced even an estimate or computation of its damages. Neopharm's allegation of unknown damages "does not alter [Wyeth's] right to possession of [its] money in the meantime." Id.

Winston is on-point. Defendants had sold their stock in a digital display company to plaintiffs, agreeing to indemnify plaintiffs for tax liabilities through a certain date. Id. at 75. Pursuant to the indemnity, defendants settled a tax claim with the IRS, on behalf of the company, for almost two million dollars. Id. The IRS later determined that defendants had overpaid, and issued a partial refund to the company, which plaintiffs by then controlled. Id. Rather than return the overpayment to the defendants, plaintiffs retained it as an offset against any additional tax liabilities for which defendants might have to provide indemnification, including one already known and calculated liability. Id. The court recognized that the plaintiffs were "quite likely . . . entitled to be indemnified for those payments," and that the "[d]efendants concede[d] as much," but it nonetheless rejected plaintiffs' "resort[] to self-help," as plaintiffs had "yet to substantiate the payments or their indemnifiability." Id. at 77. The Court in Winston thus rejected the plaintiff's attempted setoff and ordered plaintiff to pay defendants the converted amount immediately. Id. at 76.

Here, Neopharm's damages claims are neither liquidated nor due, and indeed, they are disputed and possibly precluded. Neopharm cannot rely on setoff to retain the $29 Million.

### 2. Neopharm May Not Retain The $29 Million As Recoupment (Affirmative Defense V)

"Equitable recoupment and setoff are substantively equivalent doctrines[, and t]he few distinctions between the doctrines make a difference primarily in bankruptcy actions, in which priority creditors among creditors to the bankrupt entity often presents a pivotal, immediate

10
Americas 91352580

issue." Ferguson v. Lion Holding, Inc., 312 F. Supp. 2d 484, 502 (S.D.N.Y. 2004).[5] "Apart from the distinct remedies offered by recoupment and setoff in the bankruptcy context, little of substance distinguishes the doctrines." Id.; see also N.Y. State Elec. & Gas Corp. v. McMahon, 129 F.3d 93, 96 (2d Cir. 1997) ("Although the distinction between a recoupment and a setoff retains little significance under the modern rules for asserting counterclaims in pleading, the difference continues to be important in bankruptcy claims."). Recoupment is also a limited doctrine that "should be narrowly construed." See McMahon, 129 F.3d at 97. This affirmative defense therefore fails for the same reasons as Neopharm's "setoff" claim.

Additionally, recoupment can only exist where there are reciprocal contractual obligations within one single integrated transaction. See Malinowski v. N.Y. State Dep't of Labor, 156 F.3d 131, 134 (2d Cir. 1998); Ferguson, 312 F. Supp. 2d at 503; see also Westinghouse Credit Corp. v. D'Urso, 278 F.3d 138, 147 (2d Cir. 2002). "The typical situation in which equitable recoupment can be invoked involves a credit and debit arising out of a transaction for the same goods or services." Malinowski, 156 F.3d at 133 (internal quotations omitted). As the Second Circuit has explained, "[r]ecoupment means a deduction from a money claim through a process whereby cross demands arising out of the same transaction are allowed to compensate one another and the balance only to be recovered." McMahon, 129 F.3d at 96 (emphasis added). Recoupment "does not allow one transaction to be offset against another[.]" Id.

Neopharm does not allege or identify any reciprocal contractual obligation or any "single transaction." Malinowski, 156 F.3d at 134-35. To the contrary, Neopharm has argued – and the Court has accepted – that there was no contractual right or obligation for Wyeth to make this $29

---

[5] Unlike a claim for setoff, a claim for recoupment is not barred by 11 U.S.C. § 362, which stays certain actions against an entity that has declared bankruptcy. See id.

Americas 91352580

Million payment. Indeed, Neopharm has repeatedly and consistently denied Wyeth's contractual authority to make the $29 Million payment at all. Accordingly, recoupment does not apply.

## CONCLUSION

For the foregoing reasons, this Court should grant Wyeth's motion for partial summary judgment and require Neopharm to return the $29 Million to Wyeth, with interest.

Dated: December 16, 2016

Respectfully submitted,

WHITE & CASE LLP

By: /s/ David G. Hille

David G. Hille
Adam Gahtan
Kimberly A. Haviv
Christopher D. Volpe
White & Case LLP
1155 Avenue of the Americas
New York, New York 10036-2787
Tel: (212) 819-8200
Fax: (212) 354-8113
Email: dhille@whitecase.com
Email: agahtan@whitecase.com
Email: kim.haviv@whitecase.com
Email: christopher.volpe@whitecase.com
*Attorneys for Defendant Wyeth-Ayerst International LLC*